UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

FILED
MAR 17 2014


\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| BASIL LOUD HAWK, | \* | CIV. 14-5006 |
| | \* | |
| Movant, | \* | |
| -vs- | \* | ORDER DISMISSING CASE |
| | \* | |
| UNITED STATES OF AMERICA, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Movant, Basil Loud Hawk, ("Loud Hawk") is an inmate at the United States Penitentiary in Florence, Colorado. He filed a *pro se* lawsuit styled as a "Motion Challenging the Jurisdiction of the District Court" on February 10, 2014. The motion has properly been construed as a motion to Vacate, Set Aside or Correct Loud Hawk's Sentence pursuant to 28 U.S.C. § 2255.

The Court has taken judicial notice of the file from Loud Hawk's underlying criminal conviction in the United States District Court, Western Division for the District of South Dakota, (CR. 99-50001-1-RHB) and his appeals to the United States Court of Appeals for the Eighth Circuit, *United States v. Loud Hawk*, 245 F.3d 667 (8th Cir. 2001); *Loud Hawk v. United States*, United States Court of Appeals for the Eighth Circuit, No. 08-2132. *See, Hood v. United States*, 152 F.2d 431 (8th Cir. 1946) (federal District Court may take judicial notice of proceedings from another federal District Court); *Matter of Phillips*, 593 F.2d 356 (8th Cir. 1979) (proper for federal court to take judicial notice of state court pleadings); *Green v. White*, 616 F.2d 1054 (8th Cir. 1980) (Court of Appeals may take judicial notice of District Court filings).

In his underlying criminal case, Loud Hawk pled guilty to two counts of second degree murder and a single count of using a firearm while committing a violent crime. The District Court, the Honorable Richard Battey, sentenced Loud Hawk to concurrent 60 year terms of imprisonment

on the second degree murder convictions and a 10 year consecutive sentence on the firearm conviction. Loud Hawk filed a direct appeal and the Eighth Circuit Court of Appeals affirmed his convictions. *United States v. Loud Hawk*, 245 F.3d 667 (8th Cir. 2001).

Nearly seven years later Loud Hawk filed his first motion pursuant to 28 U.S.C. § 2255. CR 99-50001, Doc. 69. That motion was dismissed as untimely. *Id.* Loud Hawk appealed and the Eighth Circuit dismissed the appeal. *Loud Hawk v. United States*, United States Court of Appeals for the Eighth Circuit, No. 08-2132. Now, nearly fourteen years after his original conviction, Loud Hawk has filed the instant motion claiming the court did not have jurisdiction to impose his sentence.[1]

Section 2255 provides in relevant part:

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
  (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
  (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Section 2244 provides in relevant part:

### §2244 Finality of Determination
(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of the court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
  (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

---

[1] Because Loud Hawk claims the Court did not have jurisdiction, his lawsuit was properly construed as a Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255. Section (a) of the statute states in part: "A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . ."

2

      (A)     the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(I)    the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

      (ii)    the facts underlying the claim, if proven, and viewed in light of the evidence as whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

   (3)(A)    Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

      (B)     A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

      (C)     The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

      (D)     The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

      (E)     The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be subject to a petition for rehearing or for a writ of certiorari.

\*\*\*\*\*\*\*

In this case, Loud Hawk has made no showing he has received permission from the United States Court of Appeals for the Eighth Circuit to file a second or subsequent Motion as is required by 28 U.S.C. § 2244(b)(3)(A). As a result, this court is without jurisdiction to consider his request for relief. *Williams v. Hopkins*, 130 F.3d 333, 335-36 (8th Cir. 1977); *Garrett v. Groose*, 99 F.3d 283, 285-86 (8th Cir. 1996); *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005). Because this is a successive petition, it will be dismissed.

## CONCLUSION and ORDER

For the reasons explained above, IT IS ORDERED:

(1)    Petitioner will not be allowed to proceed without prepayment of fees;

(2)    Petitioner's Motion to Vacate, Set Aside or Correct his Sentence (Doc. 1) and all pending motions are DENIED;

(3)    The Clerk is directed not to accept for filing and to return to Petitioner any further motions in this action.

Dated this 17th day of March, 2014.

BY THE COURT:

Lawrence L. Piersol
United States District Court Judge

ATTEST:
JOSEPH HAAS, Clerk
By_____
                Deputy

4